LANCE, Judge,
concurring:
I believe that the majority opinion does a commendable job of sorting through the complicated history of the law involved and dissecting the statute and regulations at issue. However, I do not believe that the opinion adequately guides adjudicators or practitioners as to how to handle future cases. Accordingly, I am compelled to write separately to state my understanding of the Court’s decision today.
The essential issue in this case is the proper relationship between the new-and-material-evidence standard to reopen a claim and the standard for triggering the Secretary’s duty to provide a medical examination under 38 U.S.C. § 5103A(d). In cases where medical evidence is necessary to prevail, the two standards are the same. In other words, if VA determines that the new evidence when viewed with the old evidence would be sufficient to trigger a medical examination, then the evidence is sufficient to reopen and a medical examination must be provided. Similarly, if the evidence supporting the claim is insufficient to trigger the duty to assist when the old and new evidence is considered together, then the new-and-material standard has not been met and the claim should not be reopened. See 66 Fed.Reg. 45620-01, 45629 (Aug. 29, 2001) (“We believe it is fair and reasonable to apply the same standard ... in determining whether a claim has been reopened, triggering VA’s full duty to assist by providing a VA examination or obtaining a medical opinion.”).
It makes perfect sense that the two standards should be the same in cases where they are both implicated. If the evidence in the file is sufficient to trigger the duty to assist, that assistance should be provided even if the claimant submitted the evidence to VA over the course of multiple proceedings. On the other hand, if the evidence is not sufficient to trigger the duty to assist, then reopening the claim only to deny it without providing assistance would be a hollow, technical decision. There is no reason to expend agency resources on a semantic determination *124-138 that is not tied to a meaningful procedural duty.
Of course, there are many cases that do not turn on a medical issue where the duty to assist would be implicated. For example, the issue on reopening could be the credibility of the claimant or the existence of evidence that corroborates a claimed in-service stressor. Similarly, even if direct service connection was the theory presented in the original claim, new evidence could implicate a theory of presumptive service connection where a medical opinion on causation was not necessary. In such cases, the McLendon standard would not be relevant to determining whether reopening is appropriate.
Ultimately, I believe that the new-and-material standard is a practical one. New and material evidence is evidence that — if found credible — would either entitle the claimant to benefits or to some further assistance from the Secretary in gathering evidence that could lead to the granting of the claim. Of course, once a claim is reopened, the adjudicator may determine that the new evidence is not credible or is outweighed by other evidence. However, I do not believe that either the statute or the regulation contemplates a situation in which new evidence could trigger a reopening and be found to be credible, but not be sufficient to at least trigger further assistance by the Secretary. In such a situation, reopening the claim would be a Pyrrhic victory and any error in failing to reopen the claim would be necessarily harmless. Therefore, if the new evidence submitted by a claimant is “neither cumulative nor redundant,” then I believe adjudicators should approach the reopening question by asking, “If I assume that this new evidence is credible, would all the evidence in the file considered together be sufficient to at least trigger some further assistance?” The answer to that question should guide adjudicators to a reopening decision that is legally correct and makes practical sense.